### REPLEVIN OF GRAIN FROM AN INNOCENT SUB-VENDEE.

Circuit Court of Hamilton County.

H. J. Good v. A. Bender and the B. & O. S. W. Railway Co.

Decided, May 23, 1908.

*Sales—Vendor may Retake from Innocent Sub-vendee—Purchaser Must Look to Title, When—Constructive Delivery and Conditions Attaching Thereto—Replevin—Delivery Order and Bill of Lading Distinguished.*

When grain is sold on the floor of a chamber of commerce, the rules whereof in the absence of a stipulation to the contrary require payment when the grain is weighed, subsequent purchasers are put upon inquiry as to title, and where payment has not been made, the vendor may replevin the property from an innocent sub-vendee for value.

*Kelley & Hauck,* for plaintiff.

*L. W. Goss* and *Harmon, Colston, Goldsmith & Hoadly,* contra.

Giffen, J.; Swing, P. J., and Smith, J., concur.

The plaintiff as consignee and owner of a car load of oats held by the carrier, the C., H. & D. Railway Company, on the 22d day of September, 1905, sold the same to the defendant, A. Bender, for cash on delivery and on weighing, and gave him an order of delivery. The same day Bender sold the oats to Maguire & Company and endorsed the delivery order to them, receiving therefor a check for $400 or more. The same day Maguire & Company sold to the Gale Brothers & Company the car of oats, and the next day delivered to them the delivery order, receiving a check for $250. Thereupon the Gale Brothers Company surrendered the delivery order to the C., H. & D. Railway Company and directed the car to be delivered in the yard of the B. & O. S. W. Railway Company, which was done. On the 26th day of September, 1905, the plaintiff, H. J. Good, commenced an action in replevin upon the ground that Bender

did not pay for the oats upon delivery; that he was at the time of purchase insolvent and had no reasonable expectation of being able to pay for them.

It is clear that the constructive delivery to Bender was conditional on payment for the oats when received and weighed, and did not as between themselves prevent the plaintiff from reclaiming the oats upon failure to pay on such delivery. *Wabash Elevator Company* v. *Bank*, 23 O. S., 311.

But the chief question is whether he can retake them from the Gale Brothers Company, an innocent sub-vendee, for value.

A delivery order is not a negotiable instrument, nor does it have the same effect as a bill of lading, and even the latter conveys no better title to the assignee than his assignor had at the time of the assignment. *Emery's Sons* v. *Bank*, 25 O. S., 360.

The rules of the Chamber of Commerce where the sale was made require, in the absence of a stipulation to the contrary, payment when the grain is weighed, and the subsequent purchasers being members were therefore put upon inquiry as to the title.

In the case of *National Bank of Commerce* v. *Chicago, Burlington & Northern Railroad Company*, 44 Minn., 224, the second proposition of the syllabus is as follows:

"Where goods are sold for cash on delivery, and payment is made by the purchaser by check on his banker, such payment is only conditional, and the delivery of the goods also only conditional; and if the check on due presentation is dishonored, the vendor may retake the goods, even from an innocent sub-vendee for value, unless he has been guilty of such negligence or laches as would equitably estop him from so doing."

That case, which cites with approval the case of *Hodgson* v. *Barrett*, 33 O. S., 63, is decisive of this case, as the testimony discloses no negligence or laches on the part of plaintiff. The delivery order upon which the purchasers seem to have relied was not such evidence or ownership as calls for the application of the rule stated in the case of *Eaton & Company* v. *Davidson*, 46 O. S., 355, at 362: "That of two innocent persons, he must suffer who has placed the other in the power of the wrong-

doer"; but on the contrary, under the rules of the Chamber of Commerce it called for an investigation, if there was any doubt concerning the terms of the original contract, or of the solvency of the purchaser. The court erred in its charge to the jury by calling the delivery order and giving it the effect of a bill of lading, and overruling the motion for a new trial upon the ground that the verdict was contrary to the evidence and the law.

Judgment reversed and judgment for plaintiff in error on the undisputed facts.